**Joseph B. PONDER, Petitioner–Appellant,**

v.

**George H. BALDWIN, Respondent–Appellee.**

No. 00–36115.

D.C. No. CV–97–01608–AJB.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002 *.

Decided March 18, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Oregon state prisoner Joseph B. Ponder appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.[1]

■ We review the district court's decision to deny a 28 U.S.C. § 2254 habeas petition de novo. *Lockhart v. Terhune,* 250 F.3d 1223, 1228–29 (9th Cir.2001). We

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because Ponder alleges sufficient concrete injury-in-fact to satisfy Article III, we reject the government's contention that Ponder's claim is moot. *See Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

may grant habeas relief, however, only if the constitutional error resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d); *Lockhart,* 250 F.3d at 1228–29.

Ponder contends that his attorney at his probation revocation hearings was ineffective because he failed to provide Ponder with a sign language interpreter. Ponder alleges that this error prejudiced him because he was unable to hear and challenge the testimony of two state witnesses. Ponder also alleges that counsel's failure to provide an interpreter undermined his defense at the revocation proceeding.

In order to successfully claim ineffective assistance of counsel, Ponder must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Williams v. Taylor,* 529 U.S. 362, 390–91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Ponder fails to do so.

Ponder does not assert what testimony he was unable to hear or what evidence he would have introduced to challenge it. On the contrary, the record demonstrates that Ponder provided testimony that specifically rebutted the testimony provided by the state's witnesses. Lastly, Ponder's argument that his defense was undermined lacks merit because there is no evidence that the court doubted Ponder's assertion that he was hearing-impaired.

Ponder, therefore, fails to demonstrate prejudice, and we conclude that the district court properly denied his § 2254 petition. *Id.*

AFFIRMED.